# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |  |
|---|---|---|
| TEXAS MEDICAL PROVIDERS PERFORMING ABORTION SERVICES, a class represented by METROPOLITAN OB-GYN, P.A., d/b/a REPRODUCTIVE SERVICES OF SAN ANTONIO and ALAN BRAID, M.D., on Behalf of themselves and their patients seeking abortions, <br>     *Plaintiffs,* <br><br> v. <br><br> DAVID LAKEY, M.D., Commissioner of the Texas Department of State Health Services, in his official capacity; MARI ROBINSON, Executive Director of the Texas Medical Board, in her official capacity; and DAVID ESCAMILLA, County Attorney for Travis County, in his official capacity and as representative of the class of all county and district attorneys in the State of Texas with authority to prosecute misdemeanors; and their employees, agents, and successors, <br>     *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:11-CV-00486 |

---

## DEFENDANTS LAKEY'S AND ROBINSON'S
## ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

---

TO THE HONORABLE SAM SPARKS, UNITED STATES DISTRICT JUDGE:

Defendants DAVID LAKEY, M.D., Commissioner of the Texas Department of State Health Services, in his official capacity, and MARI ROBINSON, Executive Director of the Texas Medical Board, in her official capacity (together, State

Defendants), hereby file their *Original Answer and Affirmative Defenses*, and in support thereof, would show this Court the following:

## I.

## RESPONSE TO ALLEGATIONS IN THE COMPLAINT

1.      After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 1 of the Complaint, and therefore, out of an abundance of caution, deny the same.

2.      The allegations contained in paragraph 2 of the Complaint are prefatory and do not require a response; however, to the extent the Court requires a response to these allegations, State Defendants admit the allegations in paragraph 2 of the Complaint.

3.      State Defendants deny the allegations in paragraph 3 of the Complaint.

4.      State Defendants deny the allegations in paragraph 4 of the Complaint.

5.      State Defendants deny the allegations in paragraph 5 of the Complaint.

6.      State Defendants admit the allegations in paragraph 6 of the Complaint.

7.      State Defendants deny the allegations in paragraph 7 of the Complaint.

8.      State Defendants admit that the Complaint seeks declaratory and injunctive relief, but deny the remaining allegations in paragraph 8 of the Complaint.

9.      State Defendants admit that the Court has jurisdiction to hear claims of this type as alleged in paragraph 9 of the Complaint; however, State Defendants deny that jurisdiction exists in this case as to all Plaintiffs.

10. State Defendants admit that the allegations in paragraph 10 of the Complaint set forth the legal basis for declaratory and injunctive relief, but deny Plaintiffs' allegations in paragraph 10 to the extent they claim entitlement to relief.

11. State Defendants admit the allegations in paragraph 11 of the Complaint.

12. After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraphs 12 of the Complaint, and therefore, out of an abundance of caution, deny the same.

13. After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 13 of the Complaint, and therefore, out of an abundance of caution, deny the same.

14. State Defendants admit the allegations in paragraph 14 of the Complaint.

15. State Defendants admit the allegations in paragraph 15 of the Complaint

16. State Defendants admit the allegations in paragraph 16 of the Complaint.

17. State Defendants admit the allegations in paragraph 17 of the Complaint with the exception of the allegation that Defendant Escamilla is properly sued as an appropriate representative for the purported class, which State Defendants deny.

18. State Defendants admit the allegations in paragraph 18 of the Complaint.

19.     State   Defendants   admit   the   allegations   in   paragraph   19   of   the Complaint.

20.     State   Defendants   admit   the   allegations   in   paragraph   20   of   the Complaint.

21.     State   Defendants   admit   the   allegations   in   paragraph   21   of   the Complaint.

22.     State Defendants admit that the Act amends the penalty structure of the WRKA, but deny that the amendments are "dramatic" as alleged in paragraph 22 of the  Complaint;  further,  State  Defendants  deny  that  the  Act  "adds  a  new  penalty provision,"  and  that  the  amendments  impose  "strict  liability  for  violation  of  any provision of the WRKA, regardless of fault or mental state"; further, State Defendants admit the remaining allegations in paragraph 22 of the Complaint except for the final sentence of the paragraph, which State Defendants deny.

23.     State   Defendants   admit   the   allegations   in   paragraph   23   of   the Complaint.

24.     State   Defendants   admit   the   allegations   in   paragraph   24   of   the Complaint, except for the final sentence. After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 24 of the Complaint that "the Act's shorter waiting period will not apply to some women who must travel more than 100 miles to obtain an abortion."

25.     State Defendants deny the allegations in paragraph 25 of the Complaint.

26.     State Defendants admit the allegations in paragraph 26 of the Complaint.

27.     State Defendants admit the allegations in paragraph 27 of the Complaint.

28.     State Defendants admit the allegations in paragraph 28 of the Complaint.

29.     State Defendants admit the allegations in paragraph 29 of the Complaint.

30.     State Defendants admit the allegations in paragraph 30 of the Complaint.

31.     State Defendants admit that the quotations from the Act set forth in paragraph 31 of the Complaint are excerpted statements from the Act and that the Act speaks for itself; however, State Defendants deny the allegations that the exemption from prosecution "does not appear to apply to the penalties of mandatory disciplinary action and non-renewal of medical license, and the Act may expose physicians to loss of medical licensure based on the woman's choices not to view or hear the mandated information set forth in paragraph 31 of the Complaint.

32.     State Defendants deny the allegations in paragraph 32 of the Complaint.

33.     State Defendants deny the allegations in paragraph 33 of the Complaint.

34.     State Defendants deny the allegations in paragraph 34 of the Complaint.

35.     State Defendants deny the allegations in paragraph 35 of the Complaint.

36.     State Defendants deny the allegations in paragraph 36 of the Complaint.

37.     State Defendants deny the allegations in paragraph 37 of the Complaint.

38.     State Defendants admit the allegations in the first three sentences of paragraph 38 of the Complaint, but lack knowledge or information sufficient to form a belief about the truth of allegation in the final sentence of paragraph 38 of the Complaint, and therefore, out of an abundance of caution, deny the same.

39.     State Defendants admit the allegations in paragraph 39 of the Complaint.

40.     State Defendants admit the allegations in paragraph 40 of the Complaint.

41.     State Defendants admit the allegations in paragraph 41 of the Complaint.

42.     The allegations in paragraph 42 of the Complaint are prefatory and do not require a response; however, to the extent the Court requires a response, State Defendants admit the allegations in paragraph 42 of the Complaint.

43.     State Defendants deny the allegations in paragraph 43 of the Complaint.

44.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 44 of the Complaint, and therefore, out of an abundance of caution, deny the same.

45.     State Defendants deny the allegations in paragraph 45 of the Complaint.

46.     State Defendants deny the allegations in paragraph 46 of the Complaint.

47.     State Defendants deny the allegations in paragraph 47 of the Complaint.

48.     State Defendants deny the allegations in paragraph 48 of the Complaint.

49.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 49 of the Complaint, and therefore, out of an abundance of caution, deny the same.

50.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 50 of the Complaint, and therefore, out of an abundance of caution, deny the same.

51.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 51 of the Complaint, and therefore, out of an abundance of caution, deny the same.

52.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 52 of the Complaint, and therefore, out of an abundance of caution, deny the same.

53.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 53 of the Complaint, and therefore, out of an abundance of caution, deny the same.

54.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 54 of the Complaint, and therefore, out of an abundance of caution, deny the same.

55.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 55 of the Complaint, and therefore, out of an abundance of caution, deny the same.

56.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 56 of the Complaint, and therefore, out of an abundance of caution, deny the same.

57.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 57 of the Complaint, and therefore, out of an abundance of caution, deny the same.

58.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 58 of the Complaint, and therefore, out of an abundance of caution, deny the same.

59.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 59 of the Complaint, and therefore, out of an abundance of caution, deny the same.

60.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 60 of the Complaint, and therefore, out of an abundance of caution, deny the same.

61.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 61 of the Complaint, and therefore, out of an abundance of caution, deny the same.

62.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 62 of the Complaint, and therefore, out of an abundance of caution, deny the same.

63.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 63 of the Complaint, and therefore, out of an abundance of caution, deny the same.

64.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 64 of the Complaint, and therefore, out of an abundance of caution, deny the same.

65.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 65 of the Complaint, and therefore, out of an abundance of caution, deny the same.

66.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 66 of the Complaint, and therefore, out of an abundance of caution, deny the same.

67.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 67 of the Complaint, and therefore, out of an abundance of caution, deny the same.

68.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 68 of the Complaint, and therefore, out of an abundance of caution, deny the same.

69.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in the first sentence of paragraph 69 of the Complaint, and therefore, out of an abundance of

caution, deny the same; further, State Defendants deny the allegations in the final sentence of paragraph 69 of the Complaint.

70. After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 70 of the Complaint, and therefore, out of an abundance of caution, deny the same.

71. State Defendants deny the allegations in paragraph 71 of the Complaint.

72. State Defendants deny the allegations in paragraph 72 of the Complaint.

73. State Defendants deny the allegations in paragraph 73 of the complaint.

74. After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 74 of the Complaint, and therefore, out of an abundance of caution, deny the same.

75. After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in the first two sentences of paragraph 75 of the Complaint, and therefore, out of an abundance of caution, deny the same; further, State Defendants deny the allegations in the final sentence of paragraph 75 of the Complaint.

76. After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 76 of the Complaint, and therefore, out of an abundance of caution, deny the same.

77. After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 77 of the Complaint, and therefore, out of an abundance of caution, deny the same.

78.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 78 of the Complaint, and therefore, out of an abundance of caution, deny the same.

79.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 79 of the Complaint, and therefore, out of an abundance of caution, deny the same.

80.     State Defendants deny the allegations in paragraph 80 of the Complaint.

81.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 81 of the Complaint, and therefore, out of an abundance of caution, deny the same.

82.     State Defendants deny the allegations in paragraph 82 of the Complaint.

83.     State Defendants deny the allegations in paragraph 83 of the Complaint.

84.     State Defendants deny the allegations in paragraph 84 of the Complaint.

85.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 85 of the Complaint, and therefore, out of an abundance of caution, deny the same.

86.     State Defendants deny the allegations in paragraph 86 of the Complaint.

87.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 87 of the Complaint, and therefore, out of an abundance of caution, deny the same.

88.     State Defendants deny the allegations in paragraph 88 of the Complaint.

89.     State Defendants deny the allegations in paragraph 89 of the Complaint.

90.     State Defendants admit the allegation in the first sentence of paragarpah 90 of the Complaint, however, After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in the final sentence of  paragraph 90 of the Complaint, and therefore, out of an abundance of caution, deny the same.

91.     State Defendants deny the allegations in paragraph 91 of the Complaint.

92.     State Defendants deny the allegations in paragraph 92 of the Complaint.

93.     State Defendants deny the allegations in paragraph 93 of the Complaint.

94.     State Defendants deny the allegations in paragraph 94 of the Complaint.

95.     State Defendants deny the allegations in paragraph 95 of the Complaint.

96.     State Defendants deny the allegations in paragraph 96 of the Complaint.

97.     State Defendants deny the allegations in paragraph 97 of the Complaint.

98.     After a reasonable inquiry, State Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in paragraph 98 of the Complaint, and therefore, out of an abundance of caution, deny the same.

99.     State Defendants deny the allegations in paragraph 99 of the Complaint.

100.    State Defendants deny the allegations in paragraph 100 of the Complaint.

101.    State Defendants deny the allegations in paragraph 101 of the Complaint.

102.    State Defendants deny the allegations in paragraph 102 of the Complaint.

103.    State Defendants deny the allegations in paragraph 103 of the Complaint.

104.    State Defendants deny the allegations in paragraph 104 of the Complaint.

105.    State Defendants deny the allegations in paragraph 105 of the Complaint.

106.    State Defendants deny the allegations in paragraph 106 of the Complaint.

107.    State Defendants deny the allegations in paragraph 107 of the Complaint.

108.    State Defendants deny the allegations in paragraph 108 of the Complaint.

109.    State Defendants deny the allegations in paragraph 109 of the Complaint.

110.    State Defendants deny the allegations in paragraph 110 of the Complaint.

111.    State Defendants deny the allegations in paragraph 111 of the Complaint.

112.    State Defendants deny the allegations in paragraph 112 of the Complaint.

113.    Paragraph 113 of the Complaint is prefatory and does not require a response, but to the extent a response is required, State Defendants admit Plaintiffs incorporate their allegations of paragraphs 1 through 112.

114.    State Defendants deny the allegations in paragraph 114 of the Complaint.

115.    Paragraph 115 of the Complaint is prefatory and does not require a response, but to the extent a response is required, State Defendants admit Plaintiffs incorporate their allegations of paragraphs 1 through 114.

116.    State Defendants deny the allegations in paragraph 116 of the Complaint.

117.    Paragraph 117 of the Complaint is prefatory and does not require a response, but to the extent a response is required, State Defendants admit Plaintiffs incorporate their allegations of paragraphs 1 through 116.

118.    State Defendants deny the allegations in paragraph 118 of the Complaint.

119.    Paragraph 119 of the Complaint is prefatory and does not require a response, but to the extent a response is required, State Defendants admit Plaintiffs incorporate their allegations of paragraphs 1 through 118.

120.    State Defendants deny the allegations in paragraph 120 of the Complaint.

121.    Paragraph 121 of the Complaint is prefatory and does not require a response, but to the extent a response is required, State Defendants admit Plaintiffs incorporate their allegations of paragraphs 1 through 120.

122.    State Defendants deny the allegations in paragraph 122 of the Complaint.

123.    Paragraph 121 of the Complaint is prefatory and does not require a response, but to the extent a response is required, State Defendants admit Plaintiffs incorporate their allegations of paragraphs 1 through 122.

124.    State Defendants deny the allegations in paragraph 124 of the Complaint.

125.    State Defendants deny the allegations in paragraph 125 of the Complaint.

## Request for Relief

1.    State Defendants deny that Plaintiffs are entitled to the relief requested in paragraph 1 of the Request for Relief section of the Complaint.

2.    State Defendants deny that Plaintiffs are entitled to the relief requested in paragraph 2 of the Request for Relief section of the Complaint.

3.    State Defendants deny that Plaintiffs are entitled to the relief requested in paragraph 3 of the Request for Relief section of the Complaint.

4.    State Defendants deny that Plaintiffs are entitled to the relief requested in paragraph 4 of the Request for Relief section of the Complaint.

## II.

## AFFIRMATIVE DEFENSES

1.      Standing – Plaintiffs lack standing to assert claims on behalf of their patients.

2.      State Defendants reserve the right to add additional defenses as they may become known to them.

Respectfully submitted,

**GREG ABBOTT**
Texas Attorney General

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Director of Defense Litigation


/s/Jonathan F. Mitchell
**JONATHAN F. MITCHELL**
Solicitor General
Texas Bar No. 24075463
**ARTHUR C. D'ANDREA**
Assistant Solicitor General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
(512) 936-1695
(512) 474-2697 FAX

**DANIEL C. PERKINS**
Texas Bar No. 24010301
**WILLIAM T. DEANE**
Texas Bar No. 05692500
Assistant Attorney General
GENERAL LITIGATION DIVISION
P.O. Box 12548, Capitol Station

Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

*COUNSEL FOR STATE DEFENDANTS*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the above *State Defendants' Original Answer and Affirmative Defenses* was served by the following manner, on the **5ᵗʰ Day of July, 2011,** upon the following individuals at the listed addresses:

Dicky Grigg
Spivey & Grigg, LLP
48 East Avenue
Austin, TX 78701
dicky@grigg-law.com

☒ Via CM/ECF email
☐ Via Facsimile
☐ Via Regular Mail
☐ Via Certified Mail Return Receipt Requested
☐ Via Overnight Mail or UPS/FedEx

Susan Hays
Godwin Ronquillo, PC
1201 Elm Street, Suite 1700
Dallas, TX 75270
shays@godwinronquillo.com

☒ Via CM/ECF email
☐ Via Facsimile
☐ Via Regular Mail
☐ Via Certified Mail Return Receipt Requested
☐ Via Overnight Mail or UPS/FedEx

Bebe J. Anderson
Bonnie Scott Jones
Center for Reproductive Rights
120 Wall Street, 14th Floor
New York, NY 10005
banderson@reprorights.org
bjones@reprorights.org

☒ Via CM/ECF email
☐ Via Facsimile
☐ Via Regular Mail
☐ Via Certified Mail Return Receipt Requested
☐ Via Overnight Mail or UPS/FedEx

Jamie A. Levitt
J. Alexander Lawrence
Morrison & Foerster, LLP
1290 Avenue of the Americas
New York, NY 10104
alawrence@mofo.com

☒ Via CM/ECF email
☐ Via Facsimile
☐ Via Regular Mail
☐ Via Certified Mail Return Receipt Requested
☐ Via Overnight Mail or UPS/FedEx

*COUNSEL FOR PLAINTIFFS*

Sherine Thomas
Elaine A. Casas
Jennifer Kraber
Assistant County Attorneys
Office of the Travis County Attorney
P. O. Box 1748
Austin, Texas 78767
elaine.casas@co.travis.tx.us

☒ Via CM/ECF email
☐ Via Facsimile
☐ Via Regular Mail
☐ Via Certified Mail Return Receipt Requested
☐ Via Overnight Mail or UPS/FedEx

ATTORNEYS FOR DEFENDANT
DAVID ESCAMILLA

/s/Daniel C. Perkins
**DANIEL C. PERKINS**
Assistant Attorney General